**M & M FARM, INC., Appellant,**

v.

**John PILLA, Billie Pilla, Missouri Title Guaranty Co., d/b/a Missouri Title Company and Insurance Company of Minnesota, Appellees.**

No. 85–1845.

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1986.

Decided May 22, 1986.

---

Donald S. Singer, St. Louis, Mo., for appellant.

Robert C. Jones, Clayton, Mo., for appellees.

Before LAY, Chief Judge, McMILLIAN, Circuit Judge, and HANSON,* Senior District Judge.

* The HONORABLE WILLIAM C. HANSON, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

1. John Pilla had leased the property in question from his mother, Maria Pilla, since 1975 under a ten year lease. The lease also gave John Pilla an option to purchase the property during the period of the lease for a certain price. After Maria Pilla died in 1979, John Pilla notified the personal representatives of the estate that he intended to exercise the option to purchase the property. The personal representatives contested John Pilla's exercise of the option, however, and refused to convey the property to John Pilla. Subsequent to the Pillas' sale of the property to M & M, the Probate Division of the

## PER CURIAM.

M & M Farm, Inc. (M & M), brought suit against John and Billie Pilla (the Pillas) and Missouri Title Guaranty Company (Missouri Title), seeking rescission of a contract for the sale of real estate, reimbursement for improvements to the property, and damages for fraud. The basis of M & M's suit is its allegation that the Pillas sold M & M certain real estate on March 1, 1983, by a general warranty deed and that Missouri Title issued a title insurance policy on the property even though both the Pillas and Missouri Title knew at the time of the sale that the personal representative of the estate of John Pilla's mother was contesting John Pilla's title to the property.[1]

The district court[2] initially stayed M & M's federal court action against the Pillas and Missouri Title pending resolution of the state court proceedings over the property in question between John Pilla and the personal representatives of his mother's estate. After the Missouri Court of Appeals rendered its decision in *Pilla v. Estate of Pilla*, 689 S.W.2d 727 (Mo.App.1985), affirming the state circuit court's holding that John Pilla had validly exercised an option to purchase the property from his mother's estate, the district court dismissed M & M's action for fraud and rescission against the Pillas and Missouri Title. In dismissing M & M's action, the district court relied on the doctrine of after-acquired title,[3] which provides that where a

Circuit Court of St. Louis County, Missouri, held that John Pilla had validly exercised the option and ordered the personal representatives of Maria Pilla's estate to convey the property in question to John Pilla. The Missouri Court of Appeals affirmed the state circuit court's decision in an opinion issued on February 19, 1985. *See Pilla v. Estate of Pilla*, 689 S.W.2d 727 (Mo.App. 1985).

2. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

3. Missouri's after-acquired title statute provides:
Where a grantor, by the terms of his deed, undertakes to convey to the grantee an inde-

grantor, who had previously undertaken to convey property to a grantee by a warranty deed, subsequently acquires title to the property, the subsequently acquired title inures to the benefit of the grantee from the date of conveyance. *See, e.g., Sabine v. Leonard,* 322 S.W.2d 831, 835–36 (Mo. 1959); *Johnson v. Johnson,* 170 Mo. 34, 70 S.W. 241, 245–47 (1902). The district court determined that once the Missouri Court of Appeals held that John Pilla had validly exercised his option to purchase the property from his mother's estate, title to the property in question immediately vested in M & M, dating back to March 1, 1983, and M & M thus no longer had a cause of action against the Pillas or Missouri Title. After careful consideration of the record, the briefs, and the arguments of the parties, we find that the district court did not err in dismissing M & M's complaint.

Affirmed. *See* 8th Cir.R. 14.

feasible estate in fee simple absolute, and shall not, at the time of such conveyance, have the legal title to the estate sought to be conveyed, but shall afterward acquire it, the legal estate subsequently acquired by him shall immediately pass to the grantee; and such conveyance shall be as effective as though such legal estate had been in the grantor at the time of the conveyance. Mo.Ann.Stat. § 442.430 (Vernon 1986).